IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS TORRES-SALDIVAR, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3:11-CV-0072-D (BK) |
| | § | (NO. 3:09-CR-0164-D(01)) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was automatically referred for findings, conclusions, and recommendation. Petitioner, a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. For the reasons set out below, the section 2255 motion should be summarily dismissed.

**I. BACKGROUND**

Without the benefit of a plea agreement, Petitioner pled guilty to a one-count indictment charging him with illegal reentry after removal. *United States v. Torres-Saldivar,* 3:09-CR-0164-D(01) (N.D. Tex. Dallas Div.). One month before sentencing, Petitioner entered into a Sentencing Agreement with the Government. In exchange for the Government moving for a third-level reduction in offense level for acceptance of responsibility, Petitioner agreed to waive his right to appeal and to seek collateral relief under 28 U.S.C. §§ 2241 and 2255, except in very limited circumstances. At sentencing, after ensuring that Petitioner had voluntarily and knowingly entered into the Sentencing Agreement, the Court reduced the offense level from level 22 to level 21, with a guideline range of 46-57 months. (Sentencing Tr. at 7.) The Court then

upwardly departed from Criminal History Category III to IV, increasing the guideline range to 57-71 months, due to six uncounted prior felony convictions and three previous deportations. (*Id.* at 13-14.) The Court ultimately sentenced Petitioner to 71 months' imprisonment, followed by a two-year term of supervised release. Petitioner appealed. The United States Court of Appeals for the Fifth Circuit dismissed the appeal as frivolous in light of counsel's brief under *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Torres-Saldivar*, 2010 WL 4269252 (5th Cir. 2010) (unpublished *per curiam*).

Thereafter, Petitioner filed this timely section 2255 motion. In three grounds, he asserts trial and appellate counsel rendered ineffective assistance and the District Court abused its authority in sentencing Petitioner above "the original indicated sentence." (Doc. 1 at 7.)

## II. ANALYSIS

This section 2255 motion is subject to summary dismissal. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

1. <u>Ineffective Assistance of Trial Counsel</u>

In this first ground, Petitioner alleges counsel rendered ineffective assistance during the guilty plea and sentencing proceedings. He asserts "counsel was constitutionally deficient for allowing [an] open plea . . . and Petitioner was prejudiced by [the] substantially increased sentence." (Doc. 1at 18.) Petitioner states the government attorneys and defense counsel "intentionally misled this Defendant into believing that he would receive some tangible and real benefit in exchange for waiving all of his rights, privileges and immunities, . . . including the appeal waiver, . . . but that the court could still ignore this plain contractual agreement and give the Defendant whatever sentence it desired as long as it did not exceed the statutory maximum . . . ." (*Id.* at 12.) Petitioner also states the sentencing agreement was "a contract of adhesion and void ab initio" because he "received no reduction of any description from the court." (*Id.* at 13 and 15.) He, thus, claims he is "entitled to withdraw his plea and either plead anew or proceed to trial." (*Id.* at 18-19.)

To establish ineffective assistance of counsel, a petitioner must show both deficient performance by counsel and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires the petitioner to establish (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687-694. A court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697.

In the context of a guilty plea, the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v.*

3

*Lockhart*, 474 U.S. 52, 59 (1985). The petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* Namely, he must show "a reasonable probability that, absent counsel's ineffectiveness, he would have changed his plea." *Arnold v. Thaler*, ___ F.3d ___, 2011 WL 17623, *3 (5th Cir. 2011) (*per curiam*).

The instances of ineffective assistance of counsel asserted in the first ground appear to go to the voluntariness of the guilty plea and the Sentencing Agreement. The Court will address each of those issues in analyzing Petitioner's ineffective assistance of counsel claims.

    a.    <u>Ineffective Assistance of Counsel During Guilty Plea Proceeding</u>

Petitioner contends defense counsel was deficient in permitting him to enter a guilty plea without the benefit of a plea agreement, which he claims resulted in a substantially higher sentence. (Doc. 1 at 6 and 18.) He explains that an attorney "familiar with contract law would not have permitted the plea concerned herein to take place." (*Id.* at 18.)

Petitioner's guilty plea was knowingly and voluntarily entered, as confirmed by his rearraignment testimony. (Rearraignment Tr. at 14.) At rearraignment, Petitioner confirmed under oath that he understood the consequences of his plea and the maximum punishment that he was facing. (*Id.* at 6-9.) He affirmed that the District Court alone could determine his sentence, and that defense counsel could not and had not made any promises regarding the advisory guideline range or the final sentence. (*Id.* at 9-12.) Petitioner then assured the Court that the factual résumé was accurate, and that the had committed each of the essential elements of the offense. (*Id.* at 12-14.) With respect to his trial counsel, Petitioner stated that he was satisfied

4

with his counsel's performance, and that no one had attempted in any way to force him to plead guilty, made any promises, or predicted his sentence. (*Id.* at 5-6, 9.)

"Ordinarily a defendant will not be heard to refute his testimony given under oath." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)).

Petitioner cannot show that counsel was constitutionally deficient for allowing him to enter a guilty plea *sans* plea agreement. Contrary to his assertion, a plea agreement would not and could not have guaranteed a specific guideline range or sentence. Petitioner's argument ignores the District Judge's cautionary statements at rearraignment that neither the Court nor counsel could predict in advance the advisory guideline range or the sentence, and that the Court could impose a sentence more severe than the advisory guideline range. (Rearraignment Tr. at 10-11.)

Moreover, Petitioner does not indicate how the terms of a plea agreement would have differed from those included in his Sentencing Agreement with the government. This case involved only a one-count indictment, and Petitioner pled guilty to that count. With no other charges to dismiss or to file, the government's only incentive to agree to recommend the reduction of a third point for acceptance of responsibility, either before or after rearraignment, was Petitioner's willingness to waive his appellate rights. In the end, the Sentencing Agreement likely reflected the same bargain that a plea agreement would have.

5

Even assuming deficient performance, Petitioner cannot show prejudice, namely that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. Petitioner merely states that he "was faced with a single count indictment upon which he could have excercuised [sic] his right to go to trial and thus preserve all of his rights of review . . . and in all likelihood receive not a single month more than he received for his pled to sentence." (Doc. 1 at 17.) His assertion is conclusory at best. Petitioner overlooks the benefit of the total three-point reduction for acceptance of responsibility that he received as a direct consequence of pleading guilty and agreeing to waive certain appeal and post-conviction rights. Accordingly, the Court concludes defense counsel did not render ineffective assistance during the plea proceeding.

      b.      <u>Ineffective Assistance of Counsel at Sentencing</u>

Next, Petitioner challenges the Sentencing Agreement under contract law. He claims he "received no reduction of any description from the court" and the attorneys misled him about the benefits of the Sentencing Agreement, which included an appeal waiver. (Doc. 1 at 12-13.) However, he received the full benefit of his bargain with the government.

At the outset, the Court notes Petitioner knowingly and voluntarily entered into the Sentencing Agreement, as confirmed by his answers under oath at the sentencing hearing. (Sentencing Tr. at 5-6.) Contrary to his assertions, neither the Government nor defense counsel misled Petitioner in any way about the benefit of the Sentencing Agreement. (Doc. 1 at 12.) As noted by the District Court, the sentencing agreement guaranteed a third-point reduction for acceptance of responsibility (in addition to the two-point reduction awarded in the Presentence Report (PSR) for pleading guilty) in exchange for Petitioner's waiver of his rights to appeal and

to post-conviction relief, except under limited circumstances. (Sentencing Tr. at 5, Sentencing Agreement at 2.) The record confirms Petitioner received the promised, third-point reduction, reducing his offense level from Level 22 to Level 21, resulting in an advisory guideline range of 46 to 57. (Sentencing Tr. at 7.)

To the extent Petitioner claims counsel rendered ineffective assistance in connection with the Sentencing Agreement, he cannot show prejudice, namely that the sentence he received was increased by the deficient performance of his defense attorney. *Glover v. United States,* 531 U.S. 198, 200, 203-04 (2001). As noted above, Petitioner received the promised, additional third-point reduction for acceptance of responsibility as a result of the Sentencing Agreement, ultimately lowering his advisory guideline range. The PSR correctly notes that the additional third-point reduction under USSG § 3E1.1(b) could not have been given absent a waiver of appellate rights. *See* PSR ¶ 17; *United States v. Newson*, 515 F.3d 374, 378 (5th Cir. 2008) (prosecution's failure to move for additional one-level acceptance of responsibility, based solely on defendant's refusal to waive his right to appeal and other postjudgment relief, was not arbitrary or capricious, nor did it amount to unconstitutional motive; prosecution's decision was rationally related to purpose of sentencing decrease, which was to conserve prosecutorial and judicial resources).

Moreover, because the advisory guideline range is a starting point for the sentencing court in determining the appropriate sentence, ostensibly, Petitioner could have received a higher sentence if he had not entered into the Sentencing Agreement. If Petitioner had not entered into a Sentencing Agreement, he would have faced an offense level of 22, which, coupled with a Criminal History Category of IV (as a result of the upward departure at sentencing), would have

7

resulted in an advisory guideline range of 63-78 months – seven points higher than the 71-month sentence that he received. Therefore, Petitioner cannot show that counsel rendered ineffective assistance at sentencing.

In summary, Petitioner's first ground lacks merit and should be dismissed summarily.

2.  Ineffective Assistance of Counsel on Appeal

In his second ground, Petitioner claims appellate counsel was ineffective for failing to challenge the legality of his plea and the Sentencing Agreement on appeal. (Doc. 1 at 6.) The record reflects counsel filed an *Anders* brief due to Petitioner's appeal waiver.

When a petitioner asserts that appellate counsel erroneously failed to file a merits brief, he can satisfy the first part of the *Strickland* test by showing that a reasonably competent attorney would have found that at least one of his claims presented a non-frivolous issue. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). If the petitioner can make such a showing, he then must demonstrate prejudice, namely that there is "a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Id.*

Petitioner cannot make either of the above showing. While the appeal waiver reserved the right "to challenge the voluntariness of his plea of guilty or th[e] waiver," neither ground had any merit. As noted above, Petitioner's guilty plea, sentencing agreement, and appeal waiver were knowingly and voluntarily entered. As such counsel did not have a nonfrivolous issue that warranted a merits brief. Accordingly, the second ground lacks merit and should be summarily dismissed.

3. Trial Court's Abuse of Authority

Lastly, Petitioner asserts the District Court "abused its authority and violate[d] public policy . . . to accept a plea to a single-count charge and then sentence[d] above the originally indicated sentence." (Doc. 1 at 6.) This argument is patently frivolous. Misapplication of the Sentencing Guidelines does not give rise to a constitutional issue cognizable under section 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citing *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994)). Under section, 2255, a petitioner may raise only constitutional errors and other injuries that could not have been raised on direct appeal and that will result in a miscarriage of justice if left unaddressed. *See Faubion,* 19 F.3d at 233 (defendant's claim that district court erred in making upward departure under Sentencing Guidelines could not be considered in postconviction proceeding to vacate, set aside or correct sentence).

Even assuming this claim were cognizable under section 2255, the Court notes that the Sentencing Agreement did not contain any agreement about a specific sentence. Moreover, as reflected at the rearraignment hearing, Petitioner was on notice that only the Court could determine his sentence, and that the Court could impose a sentence more severe than the advisory guideline range. (Rearraignment Tr. at 10-11.) Accordingly, Petitioner's third ground lacks merit and should be summarily dismissed.

## III. RECOMMENDATION

For the foregoing reasons, the District Court should summarily DISMISS Petitioner's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. *See* Rule 4(b) of the Rules Governing Section 2255 proceedings for the United States District Courts.

SIGNED on January 28, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE